LOCAL UNION 1034 AFL–CIO, Defendant Below, Appellant,

v.

Minnie GLOVER, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: April 11, 1983.

Decided: May 5, 1983.

Clifford B. Hearn, Jr. (argued), Wilmington, for defendant below, appellant.

Thomas J. Stumpf (argued), Georgetown, for plaintiff below, appellee.

Before HERRMANN, C.J., McNEILLY and CHRISTIE, JJ.

PER CURIAM:

This is an appeal of a Superior Court decision denying the motion of Local Union 1034 AFL–CIO (Local 1034) to quash the attachment of union dues attempted by Minnie Glover (Glover). Based on the well reasoned opinion of Superior Court President Judge Stiftel we affirm.

Glover has a judgment against Local 1034 by virtue of her deceased husband's employment in Lewes at the Doxsee Food Corporation (Doxsee) and his membership in Local 1034 for a period in excess of twenty years. Local 1034 and Doxsee are parties to a collective bargaining agreement which provides that union dues are to be deducted from the payroll checks of Doxsee employees. Doxsee's main office is in Boston, Massachusetts, but there is a regional office in Baltimore, Maryland. The time records for the employees working in Lewes are kept in Lewes and then sent to Baltimore where the payroll checks are prepared. The deduction of union dues occurs at the Baltimore office, and from this office the payroll checks are mailed to Lewes and the dues checks are mailed to the Union, located in Philadelphia, Pennsylvania.

Local 1034's first argument in support of its appeal is that the Superior Court erred in not quashing the attachment because it lacks jurisdiction to attach the union dues because the dues are never, either actually or constructively, present within Delaware. This argument is without merit in that Local 1034's right to its dues arises in Delaware by virtue of its agreement with Doxsee. Where a right to a sum of money pursuant to a contract arises in Delaware, the Superior Court has jurisdiction to enter a Writ of Attachment so long as personal service can be made upon the garnishee. *Forest Products Co. v. Magistrelli,* Del.Super., 14 A.2d 397 (1940); 6 Am.Jur.2d, Attachment and Garnishment § 19. The fact that the debt may have been payable outside of Delaware is not important. *D'Angelo v. Petroleos Mexicanos,* D.Del. 378 F.Supp. 1034, 1041 (1974). In that personal service was made on the garnishee and Local 1034's right to their dues occurred immediately upon each Delaware laborer performing his duties at the Doxsee's plant in Lewes, it was not error for the Superior Court to find it had jurisdiction.

Local 1034's second contention in this appeal is that the dues do not belong to Local 1034 or Doxsee but to the individual employee, and thus the dues are not subject

to attachment because the transfer of dues from the employee to Local 1034 occurs in Maryland. This argument must fall in that its underlying premise is incorrect. The union dues are not owned by the individual employee but by the union. As soon as the employee begins work, Local 1034 has a right to those dues and Doxsee, pursuant to the collective bargaining agreement, must deduct and send the dues to Local 1034 at the end of the pay period.

The judgment of the Superior Court is

\*     \*     \*     \*     \*     \*

AFFIRMED.